[Civ. No. 33935. Second Dist., Div. One. Nov. 12, 1969.]

GEORGE B. HERSHMAN, Cross-complainant and Appellant, v. BERNARD HOMES, INC., et al., Cross-defendants and Respondents.

## COUNSEL

E. Arnold Oppenheim for Cross-complainant and Appellant.

Gray & Maddox, J. Robert Maddox and Robert Ferguson for Cross-defendants and Respondents.

## OPINION

**LILLIE, J.**—Having been sued upon a promissory note by the assignee of Kissel Homes, a California corporation, appellant Hershman, a · duly licensed general contractor, filed an answer which included three affirmative defenses. He also cross-complained against Kissel Homes, said to be the *alter ego* of respondent Bernard Homes, Inc., respondent Bernard Homes and numerous other cross-defendants, asking damages and an accounting which would determine his percentage of the profits realized by cross-

defendants on their building activities under his contract of employment.[1] The cross-complaint having been filed on September 20, 1963, it was dismissed on motion of cross-defendants on June 3, 1968, for want of prosecution within five years (Code Civ. Proc., § 583). The sole contention on appeal from the order of dismissal is that the trial court abused its discretion in granting the motion.

When respondents moved to dismiss, more than four years and eight months had elapsed from the filing of the cross-complaint; the trial court, as reflected by its minute order, took note of the passage of time reiterating the settled rule that a court, when an action has not been brought to trial within two years from its filing, has the power and the duty upon motion to dismiss the same absent a showing of excusable delay. Too, the burden being on plaintiff to make showing, the court also noted that the showing becomes greater as the period of time approaches the five-year deadline when dismissal is made mandatory. (*Membrila* v. *Vonett Sales Co.,* 250 Cal. App.2d 299, 300 [58 Cal.Rptr. 544].) Accordingly it was concluded that this "quantitative burden" had not been met by the appellant. Because the court has a wide discretion in such matters which will be disturbed only in case of manifest abuse, for reasons appearing below we are satisfied, all of the circumstances before the court being considered, that the granting of the motion to dismiss was well within the bounds of reason. (*Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672 [169 P.2d 453].)

The principal basis for the claim of "excusable delay" lies in the assertedly complicated nature of the relief demanded by appellant and respondents' obstruction of his discovery efforts and their acquiescence in the various delays. The cross-complaint sought an accounting of the transactions of 49 corporations over a period of some six to seven years respecting six residential subdivisions containing 1,350 lots. This form of relief was necessarily pursued under his employment contract by the terms of which he was made a vice-president of each respondent corporation, paid a stated salary and expenses and entitled to 5 percent of the net profits before taxes from the construction and sale of houses and lots within the several subdivisions. According to his counsel's unsworn declaration, not until "the latter part of 1965" did he receive information that all of the construction and sales activities in which appellant had an interest had been concluded, at which time it then first became possible to obtain a complete accounting. Although more than two years had then elapsed since the filing of the cross-complaint, from which earlier date the statutory period commenced to run (*McKenzie* v. *Albaeck,* 219 Cal.App.2d 97, 99

---

[1] The amount thus put in controversy having exceeded the jurisdictional limits of the municipal court where the action was originally instituted, an order transferring the cause to the superior court was thereafter made.

[32 Cal.Rptr. 762]), appellant admittedly did not thereafter institute discovery proceedings until March 22, 1966, at least three months later. Such discovery consisted of 10 pages of interrogatories (with the information from the answers thereto) appellant then conducted inspections and examinations of respondents' books on specified dates in November and December; he also took the depositions of respondents Harry Kissel and Jack Flatley, officers of a respondent corporation, on December 16, 1966. There is no explanation by appellant, however, why some eight additional months elapsed from the initial institution of discovery to the specific proceedings in November and December 1966; nor is there any explanation why appellant waited until three days before the first trial date fixed by the court (December 19, 1966) to take the Kissel-Flatley depositions. Too, when respondents assertedly refused inspection of certain of their books by appellant's certified public accountant on November 10, 1966, appellant chose to wait more than two months until January 27, 1967, before applying for a court order to produce same.

Meantime, on June 8, 1966, respondents had mailed a certificate of readiness to appellant in which the latter failed to join for the reason, stated in his counsel's letter to the attorney for respondent, that he considered "further discovery necessary on behalf of [his] client . . ." and, also, that he wished to take the depositions of Messrs. Kissel and Flatley. On October 6, 1966, respondents having so moved, a trial date (December 19, 1966) was set by the court. Two weeks later, appellant unsuccessfully moved to vacate the above trial date upon the ground, among others, that the litigation involved complex issues and a detailed accounting over a period of years by approximately 50 corporations, cross-defendants in the action; also, in his declaration supporting such motion appellant's attorney made reference to his prior refusal to join with opposing counsel in the latter's certificate "because discovery had not been completed [and hence] the matter was not ready for pre-trial . . . ." Subsequently, apparently because of a congested calendar, the court on its own motion continued the trial date to March 6, 1967.

At this juncture the first instance of respondents' asserted acquiescence in various delays occurred. Appellant points out that when his motion (January 27, 1967) to compel inspection was filed, by letter of their counsel respondents requested a continuance of the hearing thereon; the letter also stated that if the requested continuance "interferes with the preparation of your office in respect to the trial of said cause that we will stipulate to a reasonable continuance of the same." Further the letter indicated that respondents desired a continuance of appellant's deposition from February 9 to February 20.

Continuing the chronology of events, on March 6, 1967, after appellant's motion for a continuance was denied, the case was placed off

calendar, subject to resetting within 30 days after May 25, 1967. Subsequently, on May 8, 1967, appellant served additional interrogatories on respondents, the answers to which were filed about five weeks later (June 15, 1967). Admittedly appellant thereafter deferred filing a request for resetting within the 30-day period specified in the March 6 ruling, the reason therefor assertedly being the noncompletion of discovery. According to the declaration of his certified public accountant, requests were repeatedly but unavailingly made by him of respondents⸲ for completion of his inspection of their books; but such requests, absent any further motion for an order to inspect, must be deemed to have been merely informal. Not until November 29, 1967, did appellant finally file a certificate of readiness. This was followed by a motion, filed on May 8, 1968, for an early trial setting upon the ground that "the five-year statute will soon bar further proceedings unless an early trial date is obtained." In response to this motion, respondents moved to dismiss the cross-complaint for want of prosecution.

█ It is settled law that the responsibility of diligent prosecution at every stage of the proceeding is on the plaintiff—in this case, the cross-complainant. (*Clinton* v. *Joshua Hendy Corp.,* 244 Cal.App.2d 183, 188 [52 Cal.Rptr. 875], and cases there cited.) █ Through his counsel's unsworn declaration appellant sought to show that no information was received from respondents until late in 1965 (more than two years after the filing of the cross-complaint) that all construction and sales of the numerous lots and houses had been completed; hence, according to appellant, it was not incumbent upon him until that time to commence discovery proceedings which would disclose the sum due him percentagewise under his employment contract. But there is nothing in the above declaration which even suggests that appellant or his counsel was lulled into a sense of security by any act of respondents or their counsel with respect to the provisions of the statute governing here. Since a defendant "can be charged with no neglect for failing to do more than meet the plaintiff step by step" (*Oberkotter* v. *Spreckels,* 64 Cal.App. 470, 473 [221 P. 698]) it was not respondents' duty to supply appellant with the data which he required to secure an adequate and complete accounting; such duty rested with appellant, starting at a reasonable time consistent with the asserted complicated nature of his claims, after his suit was instituted. It further appears from two sworn declarations supporting respondents' motion to dismiss that all of the sales and construction work were completed as early as December 1963. Since it was the trial court's prerogative to believe these latter statements (*Bonelli* v. *Chandler,* 165 Cal.App.2d 267, 270 [331 P.2d 705]), it follows that there was a period, covering more than two and one-half years, of complete and inexcusable inactivity.

But the above period does not represent the only unexplained inactivity in this case. Appellant waited two and one-half months to seek an order requiring respondents to produce certain documents. Again, appellant delayed more than five months, after the trial was taken off calendar, to file his certificate of readiness. Finally, after the certificate was filed on November 29, 1967, appellant waited more than six months (May 8, 1968) to seek an early trial setting; on this latter date, only four and one-half months of the five-year period still remained. According to respondents, and the computation seems to be a fair one, the periods of inactivity total almost three years and eleven months.

The motion to dismiss having been based on a record revealing the foregoing lack of diligence, as well as on respondents' sworn declarations (above referred to), the facts were amply sufficient to support the trial court's conclusion that the action should be dismissed upon the ground stated. In this connection we have not overlooked the subsidiary point that respondents assertedly acquiesced in the delay at one or two stages of the proceedings by requesting a continuance of certain intermediate hearings.

█ Each case must be judged upon its own factual situation (*Ordway* v. *Arata,* 150 Cal.App.2d 71, 77 [309 P.2d 919]), and the cases hold that neither acquiescence in plaintiff's delays nor tardiness in moving for a dismissal will excuse the previous inexcusable want of diligent prosecution on plaintiff's part. (*Gunner* v. *Van Ness Garage,* 150 Cal.App.2d 345, 348 [310 P.2d 32]; *Netzley* v. *Hillstrom,* 122 Cal.App.2d 417, 421 [265 P.2d 57].)

Here discernible are no "unusual circumstances" which would bring the matter within the rule referred to in *Weeks* v. *Roberts,* 68 Cal.2d 802, 806 [69 Cal.Rptr. 305, 442 P.2d 361], and *Daley* v. *County of Butte,* 227 Cal.App.2d 380, 391 [38 Cal.Rptr. 693], relied on by appellant; for example, in the latter case the order of dismissal was reversed upon a showing that plaintiff herself had been diligent but her counsel's neglect was "inexcusable and extreme, amounting to positive misconduct." Reference to these two decisions only serves to illustrate the wisdon of the rule that each case must be decided upon its own facts. (*Ordway* v. *Arata, supra,* 150 Cal.App.2d 71.)

The order (dismissing the cross-complaint) is affirmed.

Wood, P. J., and Thompson, J., concurred.