[Civ. No. 46045. Second Dist., Div. Two. Jan. 5, 1976.]

HOME SAVINGS AND LOAN ASSOCIATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
LAWRENCE H. DEUTSCH et al., Real Parties in Interest.

## COUNSEL

McKenna & Fitting, Les J. Weinstein, Aaron M. Peck and Roger P. Heyman for Petitioner.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Respondent.

Irell & Manella, Robert L. Winslow, James M. Weinberg, Cooper, White & Cooper, R. Barry Churton, James S. Greenan, Kathleen W. M. Doggett, Robert Louis Finkel, Lawrence H. Deutsch, Claude W. Heavin, Norman I. Lustig and Glenn R. Woods for Real Parties In Interest.

Robert E. Cartwright, Edward I. Pollock, Arne Werchick, Sanford M. Gage, Leroy Hersh, Ned Good, David B. Baum, Robert G. Beloud, Leonard Sacks and Stephen I. Zetterberg as Amici Curiae on behalf of Real Parties in Interest.

**OPINION**

**FLEMING, J.**—Home Savings and Loan Association, defendant in six class actions coordinated for trial pursuant to Code of Civil Procedure section 404, seeks to prohibit the superior court from adjudicating issues by means of summary judgment and from granting preliminary injunctive relief prior to certification and notification of the six classes.[1]

Five class actions, *Deutsch, Garcia, Bolen, Heavin* and *Weinberg,* seek damages and a declaration of the invalidity in Home's loan agreements of late-payment charges, some at 2 percent per year on the unpaid balance of the loan during the period of default, others at 10 percent of the amount of the late payment. Three class actions, *Lustig, Bolen* and *Heavin,* seek damages and a declaration of the invalidity of Home's unilateral reduction of the grace period for late payments from 30 days to 10 days.

The named plaintiffs in *Deutsch, Bolen, Heavin,* and *Weinberg,* on behalf of themselves and their classes, moved under captions of summary judgment, partial summary judgment, and specification of issues without substantial controversy, for a declaration as a matter of law that under Civil Code section 1670 Home's late-payment charges are void, that under Civil Code section 3302 Home is limited to interest only on late payments. The named plaintiff in *Garcia* intends to file a similar motion. The named plaintiffs in *Lustig* on behalf of themselves and their class moved for a preliminary injunction to require Home to honor a 30-day grace period for late payments. Thereupon Home filed opposing motions to stay adjudication of the foregoing motions until the suitability

[1]This court (Div. Five) initially declined to issue an alternative writ on Home's petition. The Supreme Court granted a hearing and without comment retransferred the cause to this court (Div. Two) with direction to issue an alternative writ. In these circumstances we are not required to discuss the propriety of extraordinary relief. (*Atlantic Richfield Co.* v. *Superior Court,* 51 Cal.App.3d 168, 170 [124 Cal.Rptr. 63].)

of each action as a class action and the composition of its class has been determined, and until members of the class have been appropriately notified of the pendency of the action. Home's motions were denied by the superior court, and this petition for prohibition followed.

Prior to coordination of the six actions the *Deutsch* class action came before this court under similar circumstances in *Home Sav. & Loan Assn. v. Superior Court,* 42 Cal.App.3d 1006 [117 Cal.Rptr. 485] *(Home I).* At that time the superior court contemplated bifurcation of the proceedings and adjudication of the substantive merits of the action prior to certification and notification of the class. We prohibited bifurcation after concluding it would contravene sound rules of procedure and unfairly prejudice Home. We explained: "The vice in the procedure followed by the trial court is that it allows so-called 'one-way intervention,' a procedure under which potential members of the class can reserve their decision to become part of the class until the validity of the cause asserted by the named plaintiffs on behalf of the class has been determined. While one-way intervention has obvious attractions for members of the class on whose behalf an action has been brought in that it creates for them a no-lose situation, for a defendant it holds the terrors of an open-ended lawsuit that cannot be defeated, cannot be settled, and cannot be adjudicated. To him it presents a classic no-win option." (42 Cal.App.3d at p. 1011.) We pointed out that notification of the class serves the salutory purpose of protecting all persons in the litigation, and we concluded that the desire for pragmatic solutions to complex procedural problems should not overshadow a defendant's right to fair trial and due process of law. (42 Cal.App.3d at p. 1012.)

Plaintiffs argue, and the superior court agreed, that the instant proceedings differ from *Home I,* where the writ prohibited "trial on the substantive merits of the cause without prior adjudication of the procedural class-action issues" (42 Cal.App.3d at p. 1015), in that the present motions do not involve a *trial* but merely seek an adjudication of matters of *law* in the light of the Supreme Court opinion in *Garrett* v. *Coast & Southern Fed. Sav. & Loan Assn.,* 9 Cal.3d 731 [108 Cal.Rptr. 845, 511 P.2d 1197, 63 A.L.R.3d 39]. This is a distinction without a difference. The key words in *Home I* are *substantive merits,* not *trial.* The controlling factor is not the way the superior court determines the substantive merits of the cause, but whether it does so prior to adjudication of the procedural class issues and prior to notification of the members of the class for whose benefit the action has been brought.

Plaintiffs contend the dangers of one-way intervention and lack of notice emphasized in *Home I* are not present in an adjudication on

matters of law. They argue that appellate review is available to determine questions of law, that stare decisis will protect a defendant against repetitive litigation, that adequacy of counsel, not sufficiency of notice, is the important element of due process here involved. Plaintiffs also claim that judicial economy favors their position, in that class certification and class notification can be expensive and time-consuming. We are not persuaded by these arguments. Repetitive litigation can likewise be expensive and time-consuming. Adequacy of appellate review and availability of stare decisis are strong practical reasons why a litigant may desire adjudication of a motion for summary judgment in an individual action, but they cannot compel a class litigant to proceed in this manner, nor do they bind absent members of the class. Whether the issues are legal or factual, defendant faces a theoretical but nonetheless unfair, no-win option if the sequence of events proposed by plaintiffs is adopted. Prior to final determination of any substantive issue in a class action defendant has the right to know the full potential consequences and liability that may attach to the determination. More is involved than adequacy of counsel (*Eisen* v. *Carlisle & Jacquelin* (1974) 417 U.S. 156, 176-177 [40 L.Ed.2d 732, 747-748, 94 S.Ct. 2140]; *In re Four Seasons Securities Laws Litigation* (10th Cir. 1974) 502 F.2d 834, 842-843), in that notice to the class assures freedom of action to other members of the class, who prior to adjudication of the cause on the merits are entitled to an opportunity to pursue their interests as they think best and enter the litigation as parties if they desire. (Fed. Rules of Civ. Proc., rule 23(c)(2); *Peritz* v. *Liberty Loan Corporation* (7th Cir. 1975) 523 F.2d 349, 354.)

We find no anomaly in allowing litigants, either defendants or plaintiffs, to pursue adjudication of legal issues in an individual action without certification of the class. Such adjudication will bind an individual plaintiff, it may bind the defendant in similar actions on the principle of collateral estoppel, but it will not bind absent members of the class. (See *Colwell* v. *Superior Court*, 50 Cal.App.3d 32, 34 [123 Cal.Rptr. 228]; *Katz* v. *Carte Blanche Corporation* (3d Cir. 1974) 496 F.2d 747, 760, 762; *Haas* v. *Pittsburgh National Bank* (W.D.Pa. 1974) 381 F.Supp. 801, 806.) If a defendant chooses to run the risk of collateral estoppel on an unfavorable judgment, it is defendant's right to due process that it hazards, not someone else's.

Plaintiffs argue that in their motions for summary judgment, etc. they have merely sought a declaration of law from the superior court that Home's contracts for late payments are identical in text and circumstance to those condemned in *Garrett* v. *Coast & Southern Fed. Sav. & Loan Assn.*, 9 Cal.3d 731 [108 Cal.Rptr. 845, 511 P.2d 1197, 63 A.L.R.3d

39], and therefore void. Undoubtedly in the light of *Garrett,* plaintiffs'. causes of action based on late charges appear to possess substantial merit on their face. But a declaration of their invalidity would necessarily involve some determination of fact and some use of affidavits,[2] for otherwise the superior court would merely be rendering a generalized, abstract opinion on questions of law. Such a ruling in vacuum would add nothing to the orderly progress of this litigation. As was said with respect to the need for glossaries on the text of the Koran: if the opinion of the superior court agrees with that of the Supreme Court, it is superfluous; if it disagrees, it is mischievous; in neither event is it useful.

The basic point, simply, is that the beneficiaries of a class action are entitled to know what is being done in their name and, assertedly, for their benefit, and what are the services for which they may later be asked to pay. Until they are given notice, they are not bound. And until they are bound, defendant has no way to protect itself against further litigation. In this respect the present unstructured posture of class actions is comparable to that of derivative stockholder suits prior to the time procedures for identification and notification of stockholders were worked out in rule 23 of Federal Rules of Civil Procedure. (Fed. Rules of Civ. Proc., rule 23, 28 U.S.C.A. Advisory Committee Notes, pp. 296, 300.)

We are fortified in our conclusion by the legislative provisions adopted in California for consumer class actions (Civ. Code, § 1780 ff). In authorizing consumer class actions the Legislature set out specific requirements for determining the propriety of the action as a class action, for determining membership in the class, and for notifying members of the class. Thereafter, it specified in section 1781, subdivision (c), that "A motion based upon Section 437c of the Code of Civil Procedure [summary judgment] shall not be granted in any action commenced as a class action pursuant to subdivision (a) [consumer class action]." Patently, the Legislature concluded that summary judgment prior to determination and notification of the class has no place in a consumer class action. We think similar considerations apply here.

---

[2]The court in *Garrett* suggested issues that might arise on determination of its merits: "Although we conclude on the record before us that defendant failed in its burden of establishing extreme difficulty in anticipating and fixing damages for the breach of an installment payment, it is possible that *on a proper showing* defendant might have been able to establish the impracticability of prospectively fixing its actual damages resulting from a default in an installment payment.

"The instant case suggests the impracticability *under certain circumstances* of fixing actual damages when the amount thereof may be small but the cost of ascertaining the same may well be in excess of a reasonable sum agreed to in advance by the parties as fair compensation." (P. 741, italics added.)

Plaintiffs point out that in certifying the class the superior court would be required to rule on many of the same legal issues that plaintiffs have sought to present by way of summary judgment, since the composition of the class itself would delineate the scope of defendant's liability. Undoubtedly this is true, but the critical distinction remains that such preliminary legal rulings do not bind the court, do not bind absent members of the class, and do not bind defendant on final judgment. The case would be otherwise on summary judgment.

The alternative writ is discharged. Let a peremptory writ issue prohibiting the superior court from adjudicating any issues on application for summary judgment, partial summary judgment, specification of issues without substantial controversy, or preliminary injunction, prior to adjudication of the procedural class-action issues, including determination and notification of the classes involved.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied January 29, 1976, and the petitions of the real parties in interest for a hearing by the Supreme Court were denied March 10, 1976.