[Civ. No. 3123. Fifth Dist. Jan. 6, 1977.]

TRAVELERS INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
MAURICE HERBOLDSHEIMER, Real Party in Interest.

## COUNSEL

Newlin, Tackabury & Johnston, George W. Tackabury and Paul H. Nankivell for Petitioner.

No appearance for Respondent.

Werchick & Werchick, Justin A. Roberts, Arne Werchick, Young, Wooldridge, Paulden & Self and Robert J. Self for Real Party in Interest.

## OPINION

**LORING, J.**\*—Petitioner Travelers Insurance Company, a corporation (Travelers) seeks by this petition for writs of mandate and prohibition to review the propriety of an order of respondent court refusing to

---

\*Assigned by the Chairman of the Judicial Council.

dismiss the class action elements of an action filed in respondent court by Maurice Herboldsheimer (Herboldsheimer) real party in interest. Travelers contends that respondent court should have granted its motion to dismiss the class action elements of the class action filed by Herboldsheimer because the respondent court had previously erroneously determined the issue of liability before determining the issue of whether or not the action was an appropriate class action and, if so, the issue of the identity of the members of the class and the form of notices to be given to the class, as required by principles enunciated in *Home Savings & Loan Assn.* v. *Superior Court* (1974) 42 Cal.App.3d 1006 [117 Cal.Rptr. 485] (herein HOME I) and *Home Savings & Loan Assn.* v. *Superior Court* (1976) 54 Cal.App.3d 208 [126 Cal.Rptr. 511] (herein HOME II). Pursuant to such order of severance respondent court rendered an interim or provisional decision that Travelers was liable which decision was rendered prior to an adjudication of the identity of the class. Travelers attempted to take an appeal from that decision but this court held that the decision was not a final judgment and therefore not appealable. (*Herboldsheimer* v. *The Travelers Insurance Company,* 5 Civ. No. 2217, order of dismissal filed July 15, 1974.) Petitioner contends that respondent court now has no choice but to dismiss the class action elements of the class action. Real party in interest contends that assuming that respondent court committed error in determining the issue of liability prior to a determination of the identity of the class that such alleged error was waived and consented to by Travelers. We issued an order to show cause why a peremptory writ should not issue. We are now required to determine whether or not petitioner is entitled to a peremptory writ and, if so, the form thereof.

## DISCUSSION

The time sequence of events in respondent court is compiled in the footnote.[1] The complaint and supplemental complaint of Herboldsheimer alleged that Travelers had issued to Belridge Oil Company a

---

[1] August 21, 1972:    Complaint filed.

January 16, 1973:    Plaintiff filed a notice of motion to sever trial on issue of liability from trial on issue of identity of the class.

February 1, 1973:    Hearing on motion to sever.

February 2, 1973:    Plaintiff serves and files notice of ruling on plaintiff's motion for severance indicating that the court had granted the motion on February 1. 1973.

May 23, 1973:    Travelers moves to have court determine identity of class. Court refused to pass on motion on the ground that it is premature since court has not yet determined issue of liability.

group disability income protection policy in which it undertook to pay employees of Belridge a certain schedule of benefits in event of disability, that Herboldsheimer suffered an industrial accident and thereby became entitled to collect such disability benefits under Travelers' group policy of insurance and that Travelers had wrongfully deducted from the benefits payable to Herboldsheimer workers compensation benefits which were made to Herboldsheimer for permanent disability incurred in the course and scope of employment. The complaint alleged that the questions raised by the action were of common or general interest to all claimants similarly situated. On plaintiff's motion the trial court severed the issue of liability from the issue of the identity of the class and proceeded to trial on the issue of liability first. Whether this was done over the objections of Travelers or whether Travelers waived its right to have the trial of the issue of identity of the class tried first is one of the critical fact issues in this case. The motion to sever was heard on February 1, 1973. On that date after the motion was called for hearing and after counsel had stated their appearances, respondent court before hearing any argument stated: "It seems to me the severance ought to be granted." Counsel for Travelers said:

"Duncan Barr [2] for the defendant. We would have no objection to severance being granted. However, Your Honor, we would request that prior to the issue of liability being determined by the court, there first be a determination as to whether or not a class exists upon which a class action can actually properly be brought. Certainly, if a class does not exist, the case can be settled, and it's our feeling the class does not exist.

| | |
|---|---|
| May 24, 1973: | Court proceeds to try issue of liability. |
| June 6, 1973: | Court files order granting severance. |
| June 11, 1973: | Court filed order entitled "Declaratory Relief Order on Issue of Liability" holding that Travelers may not deduct permanent workmen's compensation benefits from payments required under its disability insurance policy. |
| June 22, 1973: | Travelers files notice of appeal from Order dated June 11, 1973. |
| July 15, 1974: | Court of Appeal, Fifth District, orders appeal dismissed. |
| August 13, 1975: | Supplemental complaint filed alleging Travelers continues to make improper deductions despite order of June 11, 1973. |
| June 17, 1976: | Travelers files notice of motion to dismiss class action elements of class action on ground that California law prohibits trial of issue of liability before determination of identity of class. |
| July 1, 1976: | Motion heard. |
| August 2, 1976: | Court denies motion to dismiss without prejudice to renewal stating in its minute order "The court feels that the class should be certified at the earliest possible date." |

[2]Travelers is now represented by other counsel.

In fact, this is an improper class action, because it's an action for declaratory relief. It's indicated to a preferential trial setting date, and we would request the court in its order ordering bifurcation to also order that the class first be determined prior to an issue of liability being tried.

"The sole grounds upon which bifurcation is requested is that it would be the more expeditious way of trying that law suit, and it's our feeling that certainly, the class issue should be determined, because it's our position in the case that if no class does exist, the case will settle, Your Honor."

After further argument by both sides, counsel for Travelers concluded: ". . . I would only point out to the court that the issue of liability in this case is going to turn solely upon the language in this particular policy. That is totally what this dispute is all about. To suggest that the class would include a language that is similar is perhaps misleading to the court. In the alternative, if the court will not grant our motion, not in opposition to bifurcation, but perhaps amending bifurcation, we would request that prior to any trial date being given to a determination of liability—since plaintiff can move at any time to advance, because he is entitled to preferance (*sic*)—we be allowed to file a motion to strike, and the issue as to whether or not this is a proper class action be heard prior to any determination of liability."

To which the court responded: "No problem with that. Stand submitted." Counsel apparently understood that the court granted the motion for severance since notice of such ruling was served on February 2, 1973. Thereafter Travelers moved to have the court determine the identity of the class, which motion was denied on the ground that it was premature since the court had granted the motion for severance. Apparently the next day at a hearing or "trial" on the issue of liability, which was primarily a question of law, the court found that Travelers was obligated to pay Herboldsheimer $2,455.84 which Travelers had improperly deducted from disability payments payable to Herboldsheimer under the Travelers policy. Travelers appealed from that decision, but this court on motion of Herboldsheimer, as already noted, dismissed the appeal on the ground that there was no final judgment from which an appeal could be taken.

The law is now firmly established that the trial court in a class action should first try the issue of identity of the class and designate the

appropriate form and manner of notice to such class before trying the issue of the defendant's liability, (*Home Savings & Loan Assn.* v. *Superior Court* (HOME I), *supra,* and *Home Savings & Loan Assn.* v. *Superior Court* (HOME II), *supra;* (see also *Eisen* v. *Carlisle & Jacqueline* (1974) 417 U.S. 156 [40 L.Ed.2d 732, 94 S.Ct. 2140] unless the defendant waives his right to such prior determination (*Colwell Co.* v. *Superior Court* (1975) 50 Cal.App.3d 32; *Katz* v. *Carte Blanche Corp.* (3d Cir. 1974) 496 F.2d 747, cert. den., 419 U.S. 885 [42 L.Ed.2d 125, 95 S.Ct. 152]). In the case at bar Travelers, unlike the defendant in *Hypolite* v. *Carleson* (1975) 52 Cal.App.3d 566 [125 Cal.Rptr. 221], filed an answer specifically denying each and all of the allegations of the complaint. The trial court did not deny Travelers' motion on May 23, 1973, to determine identity of the class and Travelers' motion of June 17, 1976, to dismiss class action elements of the action on the ground of waiver. The trial court has not made any finding of waiver herein. The first motion of May 23, 1973, to determine identity of the class was denied because the court had granted plaintiff's motion for severance and the court was on the verge of trying the issue of liability. The second motion of June 17, 1976, was denied "without prejudice" apparently because the court thought that it should immediately proceed to determine the identity of the class "at the earliest possible date." At no time did the trial court deny Travelers' request on the ground that it felt that Travelers had waived its right to have the identity of the class determined before a determination of the issue of liability. Indeed it is difficult to see how the court could make any such finding of waiver in view of Mr. Barr's specific clearly articulated request on February 1, 1973, that the court determine the identity of the class before determining the issue of liability and the fact that Travelers made a specific motion on May 23, 1973, for such determination prior to the hearing on the issue of liability. Herboldsheimer argues that the denial of such motion on May 23, 1973, was tantamount to a determination that this was a proper class action which satisfied the requirements of HOME I and HOME II. Herboldsheimer does not cite the case but our own research discloses that the Court of Appeals, District of Columbia Circuit held in *Larionoff* v. *United States* (1976) 533 F.2d 1167 [175 App. D.C. 32] that a trial court could properly certify an action as a class action without determining the identity of the class and giving appropriate notice to such identified class and simultaneously determine the issue of liability. In view of the decision of HOME I, *supra,* and the conclusions hereinafter reached, we are not prepared at this time to go that far. Assuming without deciding that the denial of Travelers' motion of May 23, 1973 constituted a determination that this was a proper class action, the conclusion does not follow that the determination that an

action is a proper class action is also a determination of the identity of the class and a determination of the form and manner of notice to be given to the identified class which HOME I, *supra*, declared were prerequisite to a determination of the issue of liability. The purpose of determining the identity of the class prior to determining the issue of liability is in order that notice may be served on the members of the identified class so that they may "opt in" and be bound by the judgment on the issue of liability or "opt out" and not be bound which choice can only occur if they are specifically identified and given appropriate notice as prescribed by the court. ■ The form of notice must, of course, be determined by the superior court. (*Cartt* v. *Superior Court* (1975) 50 Cal.App.3d 960 [124 Cal.Rptr. 376].) ■ A mere determination that an action is a proper class action falls far short of a legal determination of the identity of the class so that the requisite and appropriate notice can be given. It is true that Travelers took the position before the trial court that this was not a proper action to be tried as a class action. Travelers contended that there was only one other possible member of the alleged class. ■ But such argument by no stretch of the imagination could be construed as a waiver of the clearly stated demand that the class be determined prior to a determination of the issue of liability. We find no basis for waiver or consent in this record. On the contrary, Travelers consistently made it crystal clear to respondent court at all times that it wanted an adjudication of the issue of the identity of the class before any determination of the issue of liability.

It is clear, therefore, that Travelers is entitled to some form of relief. Which brings us to the question of the form of that relief which we now consider.

Travelers argues that respondent court now has no choice or discretion except to dismiss the class action aspects of the action pending before it. Travelers contends that respondent court has no right to now vacate its order of June 11, 1973, adjudicating liability. Travelers relies on *Peritz* v. *Liberty Loan Corp.* (7th Cir. 1975) 523 F.2d 349 which supports its position. However, our own research persuades us that the case of *Jimenez* v. *Weinberger* (7th Cir. 1975) 523 F.2d 689, 698, (cert. den., 417 U.S. 628 [41 L.Ed.2d 363, 94 S.Ct. 2496]) decided nine days subsequent to *Peritz* discussed *infra* reaches what we regard as a more equitable result. No California case is cited and we find none on the question of the form of relief to be granted under these circumstances. This therefore appears to be a case of first impression under California law.

The Supreme Court in *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800 at p. 821 [94 Cal.Rptr. 796, 484 P.2d 964], referring to its earlier decision in *Daar* v. *Yellow Cab* (1967) 67 Cal.2d 695, 709 [63 Cal.Rptr. 724, 433 P.2d 732] suggested that when the provisions of Civil Code section 1781 were inadequate to encompass all procedural problems facing the trial court in class actions "rule 23 of the Federal Rules of Civil Procedure prescribes procedural devices which a trial court may find useful." (P. 821.) The court went on to state:

". . . It is desirable for the trial court to retain some measure of flexibility in the pretrial and trial of a class action, for conceivably even after an initial determination of the propriety of such an action the trial court may discover subsequently that it is not appropriate. For example, it is possible that, after notice to the class members, the court might find that an insufficient number of the class desires to participate in the suit to justify its maintenance as a class action and may determine that joinder or some other procedural device would be a more suitable method of proceeding. Subdivision (c)(1) of rule 23 provides that the trial court's initial determination may be conditional and may be altered or amended before a decision on the merits. As another example, it is possible that the court will find that efficiency would be promoted if the class were divided into subclasses. Subdivision (4)(B) of rule 23 contemplates such a procedure.

"The foregoing examples are intended to be illustrative and not exhaustive. As pointed out in the preface to California Retail Installment Sales (Cont.Ed.Bar 1969) page vii, 'Much of the law in this field is in the formative stage. . . .' *Therefore we must rely upon the ability of trial courts to adopt innovative procedures which will be fair to the litigants and expedient in serving the judicial process.*" (Italics ours.)

With the foregoing admonition as a guide, we approach the question of the form of relief to be granted herein. In view of the fact that it is now the law of this case (by virtue of the dismissal of the prior appeal herein) that respondent court's order dated June 11, 1973, is not a final judgment and in view of the further fact that the action is still pending before respondent court we see no legal impediment to the trial court now reconsidering its erroneous ruling of May 23, 1973, refusing to grant Travelers' motion that the issue of the identity of the class be determined prior to a determination of the issue of liability. ■ As an interim ruling, the trial court had and has power to reconsider such ruling so long as no final judgment has been entered and the case is still pending

before the court. (See 3 Witkin, Cal. Procedure (2d ed.) Pleading, § 836, p. 2443, 4 Witkin, Cal. Procedure (2d ed.) Proceedings Without Trial, § 27, p. 2695.) As already noted, it is now the law of this case that the order of June 11, 1973, is not a final judgment, it is in the nature of an interlocutory or provisional judgment which is still subject to modification. "An interlocutory order, except for a few statutory types, is also not final in the *trial court* (italics in original); it may be *modified* (italics in original) by the court after further evidence *or the law has been considered.*" (Italics ours.) (4 Witkin, Cal. Procedure (2d ed.) Judgment, § 8, p. 3187.) If the court on reconsideration of its ruling of May 23, 1973, denying Travelers' motion to try the issue of identity of and notice to the class, concludes that it should now grant such motion, the court of necessity will be required to vacate and set aside its interlocutory or provisional order of June 11, 1973, determining liability.

The order of June 11, 1973, should be accorded no greater sanctity in this extraordinary writ proceeding than it would be entitled to if this were an appeal by Travelers from a final judgment. In *Jimenez* v. *Weinberger, supra,* 523 F.2d 689, 699, the Circuit Court of Appeals declared "Nor do we believe that the entry of an erroneous judgment [determining the issue of liability prior to determining the identity of the class] subsequently vacated on appeal, necessarily terminated the court's power to entertain a class action. . . . *we are satisfied that such power survived the violation of the rule.*" (Italics ours.) (P. 699.) If we were to conclude that the trial court should be ordered to grant Travelers *only* the relief which it seeks (dismissal of the class action elements of the action) we would thereby be treating the order of June 11, 1973, as an erroneous final judgment which could not now be corrected by any appellate process.[3]

Travelers should have sought relief by writ of prohibition or mandate (rather than appeal) within 60 days after the rendition of the order of June 11, 1973 (*Scott* v. *Municipal Court* (1974) 40 Cal.App.3d 995 [115 Cal.Rptr. 620]), as *Home* did in HOME II, *supra.* If Travelers had sought relief by way of prohibition or mandate rather than appeal, promptly after the rendition of the order of June 11, 1973, as it should have done,

---

[3]This statement applies only to the error in granting severance and trying the issue of liability prior to the trial of the issue of the identity of the class and notice. It does not refer to any alleged error, if any, in declaring that Travelers could not make the disputed deductions. (See *Russell* v. *Bankers Life Co.* (1975) 46 Cal.App.3d 405 [120 Cal.Rptr. 627].)

this court presumably would have directed the trial court to vacate such order under the legal principles enunciated in HOME I and HOME II since this court would be bound by the same principles even though they were subsequently enunciated. HOME I and HOME II enunciated preexisting legal principles. ▮ Petitioner should not be entitled to greater relief (dismissal of the class action elements of the case) because it refrained from seeking prohibition or mandamus relief for a period of over three years. If this problem were presented to us on appeal from a final judgment in a class action, we would reverse the entire judgment including the premature provisional determination of the issue of liability. The result should not be different because Travelers seeks mandamus relief prior to the rendition of a final judgment. In short, we do not believe that by presenting the issue to this court at this time in this manner, Travelers should be entitled to tie the hands of the trial court and tie the hands of this court regarding the form of relief to be granted and to proscribe Herboldsheimer from his right to prosecute a class action if he desires to do so and the trial court finds, as it impliedly and presumably did, that this is an appropriate action to be prosecuted as a class action. To do so would permit Travelers to take advantage of its own delay in failing to seek timely relief by extraordinary writ from the order of June 11, 1973. Furthermore, if we were to grant Travelers only the relief which it seeks (dismissal of the class action elements of the action) we would be depriving the trial court of its inherent power to correct its own errors in interlocutory or provisional orders. We conclude that the trial court does have jurisdiction and authority to vacate its ruling of May 23, 1973 denying Travelers' motion to first determine the identity of the class and its interlocutory or provisional ruling of June 11, 1973 in order that the action can be properly prosecuted as a class action. If the action is to be prosecuted as a class action, said orders are clearly erroneous and in violation of the principles enunciated in HOME I and HOME II. The error should be corrected now rather than awaiting an appeal from a final judgment. We conclude that petitioner does not have the right to deprive this court of the power to grant the relief that we would have granted if this problem had been timely presented to us by prohibition or mandate within 60 days after June 11, 1973, or ultimately presented to us by appeal from a final judgment. In short we conclude that dismissal of the class action elements of this action is not the sole remedy which will accord Travelers the protection to which it is clearly entitled. Vacating the erroneous order of May 23, 1973, and the premature erroneous order of June 11, 1973, will likewise accord Travelers the maximum protection to which it is now entitled.

We are required to determine one remaining issue: should the trial court have granted Travelers' motion to dismiss the class action elements of the action on the ground, as contended by Travelers, that Herboldsheimer unduly delayed seeking an adjudication of the identity of the class. In resisting the motion, Herboldsheimer filed affidavits from which the trial court could conclude that a substantial portion of the delay was caused as a result of efforts by Herboldsheimer to discover evidence relating to the identity of the class by taking depositions and waiting for Travelers to respond to interrogatories. Herboldsheimer was prepared to file a motion to proceed with the trial of the issue of the identity of the class when Travelers beat him to the courthouse with the motion of June 17, 1976, to dismiss the class action elements of the action. Unlike *Massey v. Bank of America* (1976) 56 Cal.App.3d 29, 32 [128 Cal.Rptr. 144], the trial court was not faced with time problems resulting from the five-year mandatory dismissal statute. (Code Civ. Proc., § 583, subd. (b).) ■ Although prompt and early determination of a class is desirable and perhaps essential (HOME I), we are not prepared to conclude that the mere fact that an action is a class action, means that a trial court is deprived of the discretion which is vested in it regarding the diligent prosecution of civil cases generally. In the ordinary civil case, a motion to dismiss for failure to diligently prosecute, is addressed to the sound discretion of the trial court (Code Civ. Proc., § 583, subd. (a); *Barton v. Pierce* (1933) 131 Cal.App. 33 [20 P.2d 736]) when the motion is not made under the five-year mandatory dismissal provisions of the statute (Code Civ. Proc., § 583, subd. (b)). The trial court has wide discretion and its decision will not be disturbed by an appellate court absent a manifest abuse of discretion. (*Hershman v. Bernard Homes, Inc.* (1969) 1 Cal.App.3d 651 [81 Cal.Rptr. 817].) The discretion is vested in the trial court, not in the appellate court. (*Hayashi v. Lorenz* (1954) 42 Cal.2d 848 [271 P.2d 18].) No abuse of discretion is shown here.

This conclusion is in accord with the federal rule as expressed in *Jimenez v. Weinberger, supra,* 523 F.2d at p. 699, wherein the court said:

"We have concluded that mere delay in making a class certification, even though contrary to the mandate to act as soon as practicable, does not deprive the district court of the power to enter an otherwise valid order."

This conclusion is particularly true where in the case at bar as in *Jimenez, supra,* the "trial" of liability involves primarily, if not exclusively, an issue of law.

Lastly, we consider an issue which we raise primarily on our own motion: is mandate a proper remedy at this time? Prerogative writs including mandate normally may not be used to review intermediate rulings of a trial court (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]) particularly rulings which involve judicial discretion.

Here the Court of Appeal is not requested to determine by extraordinary writ at an intermediate stage any issue usurping the trial court's discretion. The trial court has no discretion to proceed with the trial of a class action after it has determined liability without first determining the identity of the class and providing for the giving of appropriate notice to that class. If it does so, the final judgment will be reversed. With the case in the posture in which it now is, proceeding to final judgment would be an idle act. We can perceive of no persuasive reason why the trial court cannot now be directed to vacate its clearly erroneous orders dated May 23, 1973, and June 11, 1973. No useful purpose would be served by denying petitioner all relief and compelling both parties and the trial court to proceed to what will be unquestionably a reversible final judgment. "The law neither does nor requires idle acts." (Civ. Code, § 3532.) The recent decision of the California Supreme Court in *Blue Chip Stamps* v. *Superior Court (Botney)* 18 Cal.3d 381 [134 Cal.Rptr. 393, 556 P.2d 755] indicates that mandate may properly issue at this time despite the fact that we are concerned only with interim rulings. Since prohibition restrains acts in excess of jurisdiction it is not an appropriate remedy herein.

Let a peremptory writ of mandate issue herein directing respondent court to vacate and set aside its orders of May 23, 1973, and June 11, 1973 in that certain action entitled Herboldsheimer v. Travelers Insurance Co. No. 119977, now pending before it within 90 days after the service of said writ upon it unless prior to the expiration of such 90 day period, plaintiff Herboldsheimer elects with court approval to dismiss the class action elements of said action. If within said 90-day period plaintiff Herboldsheimer with court approval elects to dismiss the class action elements of said action such dismissal shall constitute a compliance with this writ. The petition for writ of prohibition is denied.

Gargano, Acting P. J., and Franson, J., concurred.

A petition for a rehearing was denied January 27, 1977.