[Civ. No. 59960. Second Dist., Div. Two. Mar. 26, 1981.]

JAMES E. CLEMONS, Plaintiff and Appellant, v.
WESTERN PHOTO CAMERA HUT et al.,
Defendants and Respondents.

COUNSEL

James E. Clemons, in pro. per., for Plaintiff and Appellant.

David R. Glickman for Defendants and Respondents.

Opinion

FLEMING, J.—Appeal from the trial court's refusal to grant preliminary injunctive relief in a consumer class action prior to certification and notification of the class. We affirm.

This action was brought by James E. Clemons as part of an alleged class seeking to enjoin certain acts committed by defendants (hereinafter, collectively Camera Hut) to promote their film developing services. The declarations filed in support of the issuance of the injunction recite that on October 11, 1979, a representative of Camera Hut telephoned the Clemons residence and informed James' mother, Eileen, that her "telephone number" had won a free camera and 120 free rolls of film. The caller also informed Eileen that to collect the prizes she would have to agree to have the film developed by Camera Hut. Eileen related the substance of the phone call to James, who advised her to telephone Camera Hut to "verify the prize." Eileen called the store and the Camera Hut employee who answered confirmed that the Clemons had won a camera and film. The employee then told Eileen that the recipient of the prize would have to sign "some papers" regarding the agreement to develop the film at Camera Hut, "but that no money was involved." When James Clemons arrived at Camera Hut to collect the prizes, he was informed that the camera and film "give away" was part of a widespread advertising campaign which Camera Hut was conducting to "promote their excellent film developing services," and that "in return for its generous offer of a free camera and film," the store was requiring that the recipients agree to have the film developed by Camera Hut. The Camera Hut salesmen additionally informed James that, "as a further concession and gift" Camera Hut would develop the 120 rolls of prize film for $640, half the usual cost. The salesman then handed Clemons two documents to sign to "guarantee [his] promise" to develop the film at Camera Hut. Clemons "quickly glanced over the two documents" and, "observing that one was a retail installment sales contract, [he] handed the documents back to the salesman and left the store." Clemons subsequently contacted Camera Hut to inquire whether he could receive the prizes without signing the "installment sales contract," and was informed that he would either have to sign the contract, which would be "secured by the camera" he selected, or pay the $640 in advance.

On December 6, 1979, Clemons filed a class action under the Consumers Legal Remedies Act (Civ. Code, §§ 1750 et seq., 1780, subd.

(a)(3), 1781) to enjoin[1] Camera Hut from attempting to sell its goods or services by the allegedly deceptive and unlawful conditional offer of "free" prizes (Bus. & Prof. Code, §§ 17533.8, 17537; Civ. Code, § 1770).[2] On December 14 Clemons obtained an order for Camera Hut to show cause why a preliminary injunction should not issue. ■ Camera Hut objected to the issuance of the injunction on the ground, inter alia, that the alleged class had not been certified or notified. The trial court, without reaching the substantive merits of the application for preliminary injunctive relief, agreed that it could not properly grant such relief prior to the adjudication of the procedural class issues and notification of the members of the class. Accordingly, on January 10, 1980, it denied Clemons' application for a preliminary injunction.

As we pointed out in *Home Sav. & Loan Assn.* v. *Superior Court* (*Home II*) (1976) 54 Cal.App.3d 208, 213 [126 Cal.Rptr. 511], the Legislature in authorizing consumer class actions set out specific requirements for determining the propriety of the action as a class action, for determining membership in the class, and for notifying class members. (Civ. Code, § 1781.) ■ Prior to the determination of any substantive issues, the beneficiaries of the class action are entitled to know what is being done in their names, and the defendant in such action is entitled to know the potential consequences that may attach to such determination. (*Home Sav. & Loan Assn.* v. *Superior Court, supra*; see also *Home Sav. & Loan Assn.* v. *Superior Court* (*Home I*) (1974) 42 Cal.App.3d 1006 [117 Cal.Rptr. 485].) The decision to grant

---

[1]On December 7, 1979, Clemons notified defendants of his intention to amend the complaint to include a prayer for damages (Civ. Code, §§ 1782, subd. (a), 1780, subd. (a)(1)).

[2]The sections allegedly violated by Camera Hut state in pertinent part: Business and Professions Code, section 17533.8: "It is unlawful for any person to offer...a prize or gift, with the intent to offer a sales presentation, without disclosing at the time of the offer of the prize or gift, in a clear and unequivocal manner, the intent to offer such sales presentation."

Business and Professions Code, section 17537: "It is unlawful to notify any person ...as a part of an advertising plan or scheme, that he has won a prize and that as a condition of receiving such prize he must purchase or rent any goods or services...."

Civil Code, section 1770: "The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:...

"(i) Advertising goods or services with intent not to sell them as advertised....

"(m) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

"(n) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."

or deny a preliminary injunction necessarily involves a preliminary determination of the substantive merits of the actions (see *People v. Pacific Land Research Co.* (1977) 20 Cal.3d 10, 16 [141 Cal.Rptr. 20, 569 P.2d 125].) We, therefore, conclude the trial court properly exercised its discretion in refusing to grant Clemons' application for injunctive relief.

The order is affirmed.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied April 23, 1981, and appellant's petition for a hearing by the Supreme Court was denied May 20, 1981.