[S.F. No. 24216. Nov. 27, 1981.]

EMPLOYMENT DEVELOPMENT DEPARTMENT et al.,
Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
BETTY ANN BOREN, Real Party in Interest.

258

COUNSEL

George Deukmejian, Attorney General, Thomas E. Warriner and Robert F. Tyler, Deputy Attorneys General, for Petitioners.

No appearance for Respondent.

Richard M. Pearl, Charles F. Elsesser and Ralph S. Abascal for Real Party in Interest.

Mary S. Burdick and Marilyn Katz as Amici Curiae on behalf of Real Party in Interest.

## OPINION

KAUS, J.—Petitioners California Employment Development Department and related public agencies and officials, defendants in the underlying action (defendants), seek mandate or prohibition to compel the trial court to vacate its order certifying the suit as a class action. ▆ Defendants contend primarily that the trial court lacked authority to approve class certification after the principal legal issue in the case had been decided on the merits.[1] The trial court found, however, that defendants had waived any right they might have had to insist on a determination of class certification before a decision on the merits. Although defendants challenge that finding, our decision in *Civil Service Employees Ins. Co.* v. *Superior Court* (1978) 22 Cal.3d 362 [149 Cal.Rptr. 360, 584 P.2d 497] directly supports it. Accordingly, we conclude that the requested writ must be denied.

### I.

On August 23, 1972, real party in interest Betty Ann Boren, plaintiff below (plaintiff), filed the underlying action challenging the validity of former section 1264 of the Unemployment Insurance Code, which denied unemployment insurance compensation benefits to any employee who did not provide "the sole or major support of his or her family" and who left his or her job because of "marital or domestic duties."[2] The

---

[1] The net effect of the relief defendants seek in this proceeding would be to restrict monetary relief to the named plaintiff.

[2] Former section 1264 provided in full: "Notwithstanding any other provision of this division, an employee who leaves his or her employment to be married or to accompany his or her spouse to or join her or him at a place from which it is impractical to commute to such employment or whose marital or domestic duties cause him or her to resign from his or her employment shall not be eligible for unemployment insurance benefits for the duration of the ensuing period of unemployment and until he or she has secured bona fide employment subsequent to the date of such voluntary leaving: provided that, notwithstanding any other provision of this division, this section shall apply

complaint alleged that the statute, though gender-neutral on its face, unlawfully discriminated against women in violation of title VII of the federal Civil Rights Act of 1964, as well as the equal protection and due process clauses of the United States and California Constitutions. Plaintiff brought the action on behalf of herself and all other women "subjected" to the provisions of section 1264, and sought (1) declaratory judgment that the statute was invalid, (2) injunctive relief to restrain defendants from enforcing it, and (3) mandate to compel defendants to pay plaintiff "and all other persons similarly situated the unemployment insurance benefits to which they are entitled."

The trial court issued an alternative writ of mandate. On September 22, 1972, defendants filed a demurrer which challenged both the adequacy of the complaint's class action allegations and the availability of the requested relief under title VII.[3] On November 1, 1972, before argument on the demurrer, defendants filed supplemental points and authorities which asserted that section 1264 was not unconstitutional. They relied on a recently filed superior court decision which had expressly upheld the validity of section 1264 in the face of a similar challenge.[4]

On February 6, 1973, after oral argument and additional briefing, the trial court—without passing upon the adequacy of the complaint's class action allegations—sustained the demurrer with leave to amend on the basis of defendants' substantive contention. Plaintiff elected to stand on the original pleading. On April 2, 1973, the trial court dismissed the action. The judgment specifically stated that it rested on defendants' claim that the complaint failed to state a cause of action.

Plaintiff appealed. The Court of Appeal concluded that section 1264 was unconstitutional and reversed the judgment sustaining the demurrer. (*Boren* v. *Department of Employment Dev.* (1976) 59 Cal.App.3d

---

only to claims for unemployment compensation benefits and shall not apply to claims for unemployment compensation disability benefits. The provisions of this section shall not be applicable if the individual at the time of such voluntary leaving was and at the time of filing a claim for benefits is the sole or major support of his or her family."

[3]With regard to title VII, the demurrer maintained that (1) plaintiff had failed to exhaust her administrative remedies and (2) "Title VII ... does not provide a remedy for a cause of action for mandamus, declaratory relief or injunctive relief against a public official or agency in connection with the administration of a social insurance program."

[4]The trial court decision in that case was apparently never appealed.

250 [130 Cal.Rptr. 683].)[5] In the course of its opinion, it stated that "[t]he parties have not debated, nor do we decide, whether the action may be maintained as a representative suit." (*Id.*, at p. 261.) In a later unpublished opinion on recall of remittitur, the Court of Appeal confirmed that the class action issue was open for resolution by the trial court on remand.

Plaintiff then filed a motion seeking an order certifying the action as a class action. Defendants opposed the motion on the grounds that certification could not properly be ordered after a decision on the merits and that, in any event, in this particular case the administrative burdens that would be imposed by a class action outweighed the potential benefits of such an action.

On February 13, 1979, the trial court granted plaintiff's motion, concluding that the action could and should proceed as a class action. It found that defendants had "waived the right to have a pre-merit determination of class and prior class notification by proceeding ... without objection [to litigate] the general demurrer and the merits of the action." It also concluded that all of the prerequisites for class certification were met and that "only by adjudication of the controversy as a class action can relief be granted in such a fashion as to protect the rights of the class as a whole and avoid a multiplicity of lawsuits." The court then reserved decision on the specifics of the remedial order that would be appropriate in this case.

On April 10, 1979, before the trial court took any further action on the remedial aspect of the case, defendants filed the present writ proceeding, contesting the class certification order and seeking a stay of the trial court proceedings. The Court of Appeal issued an alternative writ, stayed the proceedings below and, after briefing and oral argument, issued a peremptory writ as requested by defendants.[6] We then granted plaintiff's petition for hearing.

---

[5]Shortly after the filing of the Court of Appeal decision, the Legislature repealed section 1264. (Stats. 1976, ch. 1169, § 1, p. 5249.)

[6]Because the Court of Appeal's issuance of an alternative writ has already resulted in an interruption of the trial court proceedings and the full briefing and argument of this matter, for purposes of this opinion we shall assume, as we have in similar circumstances, that the Court of Appeal properly determined that writ review is appropriate. (See, e.g., *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 170-172 [84 Cal.Rptr. 718, 465 P.2d 854]; *Lockheed Aircraft Corp.* v. *Superior Court* (1946) 28 Cal.2d 481, 483 [171 P.2d 21, 166 A.L.R. 701]. See generally 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 44, 94, pp. 3817-3819, 3870.)

## II.

Relying on a series of cases which have held that a defendant generally has a right to have class certification issues resolved and class members notified before the merits of an action are decided (see, e.g., *Home Sav. & Loan Assn.* v. *Superior Court* (1974) 42 Cal.App.3d 1006 [117 Cal.Rptr. 485] (*Home I*); *Home Sav. & Loan Assn.* v. *Superior Court* (1976) 54 Cal.App.3d 208 [126 Cal.Rptr. 511] (*Home II*)), defendants first contend that the trial court could not properly certify the class action after remand from the Court of Appeal because by that time the merits of the principal legal issue in the case had already been decided. In *Civil Service Employees Ins. Co.* v. *Superior Court, supra,* 22 Cal.3d 362, however, this court held that when a defendant fails to object to or acquiesces in a determination of the merits before class certification or notification, it waives whatever right to a premerit determination of the class action issues it might have had. The trial court relied on *Civil Service* in concluding that here defendants had waived any such right. Although defendants maintain that this case is distinguishable from *Civil Service* and that the trial court erred in finding a waiver, we conclude that the ruling was proper.

In *Civil Service* a class action defendant, also relying upon *Home I* and *Home II*, sought to overturn a partial summary judgment which had been entered in favor of the plaintiff before absent class members had been notified of the action. We rejected the defendant's attack, holding that because "defendant did not object to the trial court's entertainment of the [plaintiff's] motion prior to class certification but instead simply contested the motion on the merits ... defendant waived whatever due process rights it may have had to object to the court's resolution of the partial summary judgment motion prior to class notification." (22 Cal.3d at p. 373.)

Defendants attempt to distinguish this case from *Civil Service*, noting that in their demurrer they had expressly objected to the maintenance of the suit as a class action whereas in *Civil Service* the defendant had only objected to the plaintiff's proposed delineation of the class. (*Id.*, at p. 369.) Defendants assert that because they registered their opposition to the prosecution of the suit as a class action before any decision on the merits, the trial court could not properly find that they had waived any rights with respect to the class action issue.

In advancing this argument, defendants misapprehend the nature of the waiver relied on by this court in *Civil Service* and by the trial court in this case. In finding that the defendant in *Civil Service* had waived the right to complain of the timing of the partial summary judgment ruling, we did not rely on the fact that the defendant had not totally opposed class certification. Rather, we reasoned that the defendant could not complain of the court's consideration of the motion for summary judgment before class notification, when it had not requested the court to postpone its ruling until after such notification, but had proceeded to argue the motion on the merits. (*Id.*, at pp. 373-374.)

In the present case the trial court did not rule that defendants had waived their basic right to oppose class certification on remand from the Court of Appeal; on the contrary, the court fully considered defendants' contentions as to the propriety of class certification before issuing its order. It simply held that defendants could not complain about the *timing* of the ruling on class certification, because they had not objected to the court's consideration of the merits before class certification when the court initially sustained their demurrer. This holding directly follows from our holding in *Civil Service*.[7]

Defendants also maintain that the trial court erred in finding that they had not objected to the trial court's determination of the merits before class certification. Pointing to a passage in the points and authorities accompanying their demurrer which argued in general terms that notice to class members is a prerequisite to the maintenance of a class action,[8] defendants assert that this passage in effect constituted an objection to the trial court's consideration of the merits before class certification or notification. We think the trial court properly found that the passage in question does not support defendants' interpretation. Neither the demurrer, nor the points and authorities, suggested in any fashion that defendants were requesting the trial court to postpone its resolution of the nonclass action aspects of the demurrer until after a determination of the class action issues. Moreover, after the filing of the

---

[7]Contrary to defendants' contention, this conclusion in no way suggests that they were required to "elect" between opposing class certification and challenging the substantive merit of plaintiff's complaint by demurrer. Under section 430.80 of the Code of Civil Procedure, it is clear that defendants would not have waived the right to challenge the sufficiency of the complaint to state a cause of action simply by requesting the court to decide the class certification issue first.

[8]The passage in question concluded that even if the court found that a class action was otherwise appropriate "the class [should] be dismissed for lack of notice to the class, which notice under [federal rule 23(b)(3)] is mandatory."

initial points and authorities, the merits of the demurrer and the contents of the trial court's judgment were argued before the trial court at two separate hearings; nothing before us suggests that on either occasion did defendants object to a ruling on the validity of the challenged statute before a determination of the class issues. (Cf. *Travelers Ins. Co.* v. *Superior Court* (1977) 65 Cal.App.3d 751, 755-756 [135 Cal. Rptr. 579].) Under these circumstances, the trial court did not err in finding our *Civil Service* decision controlling.

Indeed, in one respect this is a stronger case of waiver than *Civil Service*: here defendants' own demurrer precipitated a precertification ruling on the merits, while in *Civil Service* it was the plaintiff who had sought the prenotice partial summary judgment.[9] Since defendants themselves triggered the early determination, there can be no suggestion that plaintiff was attempting to manipulate the sequence of rulings to bring about the asserted inequities of "one-way intervention." (See, e.g., *Postow* v. *OBA Federal S & L Ass'n* (D.C.Cir. 1980) 627 F.2d 1370, 1381-1384; *Roberts* v. *American Airlines, Inc.* (7th Cir. 1975) 526 F.2d 757, 762-763, cert. den. (1976) 425 U.S. 951 [48 L.Ed.2d 195, 96 S.Ct. 1726]; *Haas* v. *Pittsburgh National Bank* (W.D.Pa. 1974) 381 F.Supp. 801, 806, revd. on other grounds (3d Cir. 1975) 526 F.2d 1083.)

Nor was the procedure chosen by defendants necessarily to their detriment. In *Civil Service* we explained that "there are many reasons why a defendant may be willing, indeed even eager, to forego class notification prior to adjudication of some, or even all, of the principal legal issues in a case. In some cases, for example . . . a defendant may wish to avoid discovery or other litigation expenses entailed in notification which may be eliminated if the plaintiff's claim is rejected on the merits at an early stage of the proceeding." (22 Cal.3d at pp. 373-374.) Here defendants may well have been motivated by just such a reasonable desire to limit potential discovery and litigation expenses. As we have seen, shortly after this action was filed another trial court in a similar

---

[9]Defendants deny that by their demurrer they requested a decision on the merits, but the record does not support them. While defendants' initial demurrer and points and authorities did not argue the validity of section 1264 (see fn. 3, *ante*), their supplemental points and authorities directly asserted that the statute was valid and relied on a superior court decision which had upheld the provision on the merits. Thereafter, the trial court entered a judgment which specifically states that defendants demurred on the ground that "the complaint failed to state a cause of action" and that the court had sustained the demurrer on that ground. (See Code Civ. Proc., § 472d.)

action upheld the validity of the challenged statute, and defendants may have wisely concluded that the most expeditious manner to resolve this lawsuit was to obtain a favorable decision on the merits by demurrer. Indeed, the trial court provided defendants with just such a speedy victory, and though the Court of Appeal thereafter reached a contrary conclusion, defendants cannot now reasonably assert that the timing of the decision on the merits—which they controlled—should operate to preclude class certification.

Accordingly, the trial court properly concluded that it was not foreclosed from certifying the action as a class action after remand from the Court of Appeal.[10]

### III.

■ Defendants also contend that the trial court abused its discretion in authorizing the action to proceed as a class action, arguing that plaintiff had already obtained the principal objective of the action by having section 1264 declared unconstitutional and that the administrative burdens in identifying and providing appropriate relief to the numerous individual class members outweigh the potential benefits of class treatment. (Cf. *Blue Chip Stamps* v. *Superior Court* (1976) 18 Cal.3d 381 [134 Cal.Rptr. 393, 556 P.2d 755].)

Over the past decade, however, many cases have recognized that a class action is a "peculiarly appropriate" vehicle for providing effective relief when, as here, a large number of applicants or recipients have been improperly denied governmental benefits on the basis of an invalid regulation, statute or administrative practice. (See, e.g., *Califano* v. *Yamasaki* (1979) 442 U.S. 682, 701 [61 L.Ed.2d 175, 192-193, 99 S.Ct. 2525]; *Green* v. *Obledo* (1981) 29 Cal.3d 126 [172 Cal.Rptr. 206, 624 P.2d 256]; *Villa* v. *Hall* (1971) 6 Cal.3d 227 [98 Cal.Rptr. 460, 490 P.2d 1148]; *Gonzales* v. *Jones, supra,* 116 Cal.App.3d 978, 984-985;

---

[10]Having concluded that the trial court properly found a waiver here, we have no occasion to address plaintiff's general challenge to the constitutional underpinnings of the *Home I* and *Home II* decisions or plaintiff's narrower contention that the *Home* decisions are, in any event, inapplicable in an action like this, which assertedly corresponds to a federal rule 23 (b)(2) class action rather than a rule 23 (b)(3) action. (See, e.g., *Lowry* v. *Obledo* (1980) 111 Cal.App.3d 14, 21-24 [169 Cal.Rptr. 732]; *Gonzales* v. *Jones* (1981) 116 Cal.App.3d 978, 985-986 [172 Cal.Rptr. 567]; cf. *Jimenez* v. *Weinberger* (7th Cir. 1975) 523 F.2d 689, 697-698, cert. den. (1976) 427 U.S. 912 [49 L.Ed.2d 1204, 96 S.Ct. 3200].)

*Lowry* v. *Obledo, supra,* 111 Cal.App.3d 14, 24-27; *Hypolite* v. *Carleson* (1975) 52 Cal.App.3d 566, 577-581 [125 Cal.Rptr. 221].) These and many other authorities demonstrate that a class action is not inappropriate simply because each member of the class may at some point be required to make an individual showing as to his or her eligibility for recovery or as to the amount of his or her damages. (See, e.g., *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 815-816 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513]; *Collins* v. *Rocha* (1972) 7 Cal.3d 232, 238 [102 Cal.Rptr. 1, 497 P.2d 225]; *Hypolite* v. *Carleson, supra,* 52 Cal. App.3d at pp. 579-580.) The past decisions also demonstrate that in most circumstances a court can devise remedial procedures which channel the individual determinations that need to be made through existing administrative forums. (See, e.g., *Villa* v. *Hall, supra,* 6 Cal.3d at p. 237; *Hypolite* v. *Carleson, supra,* 52 Cal.App.3d at pp. 579-580.) These precedents fully support the trial court's decision to permit this matter to go forward as a class action. Nor is the class, as certified, broader than a fair interpretation of the complaint permits.

As we have indicated, defendants filed the present writ proceeding before the trial court made any decision on the appropriate remedy to be accorded in this case. Although defendants assert that the certification order will require them to incur undue administrative costs both in identifying and notifying class members, the trial court has not yet approved any particular form of discovery or notice. Consequently, at this point defendants' complaints are premature.

Defendants finally suggest that the state's destruction—pursuant to ordinary administrative procedures—of many of the pertinent official records during the lengthy pendency of this action may make it impossible to identify a significant portion of the certified class. The trial court could properly conclude, however, that such destruction of records should not in itself automatically defeat the maintenance of a class action. (Cf., e.g., *Appleton Electric Co.* v. *Advance-United Expressways* (7th Cir. 1974) 494 F.2d 126, 139.) Defendants may, of course, raise specific objections to any remedial mechanism which the court may hereafter fashion to cope with the problems posed by the absence of such records. Given the trial court's considerable flexibility in the management of a class action (see, e.g., *Vasquez* v. *Superior Court, supra,* 4 Cal.3d at pp. 820-821), and—as we explained in our recent decision in *Green* v. *Obledo, supra,* 29 Cal.3d at pages 142-143—its discretion in fixing an appropriate "starting date for the payment of retroactive benefits to class members," our intervention at this stage of the proceedings is clearly unwarranted.

The alternative writ is discharged and the peremptory writ is denied.

Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., Newman, J., and Broussard, J., concurred.

Petitioners' application for a rehearing was denied January 7, 1982, and the opinion was modified to read as printed above.