[Civ. No. 52877. First Dist., Div. Two. Mar. 1, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ANGELO SANGIACOMO et al., Defendants and Appellants;
LEON GOODMAN, Intervener and Respondent.

COUNSEL

W. M. Pinney, Jr., J. T. Larson and Nicholas Damer for Defendants and Appellants.

Arlo Smith, District Attorney, David C. Moon and Robert H. Perez, Assistant District Attorneys, for Plaintiff and Respondent.

Jeffrey J. Parish, Kenneth G. Hausman, Robert L. Gorman, Robert J. Yorio and Rosenblum, Fenolio, Parish, Jack & Bacigalupi for Intervener and Respondent.

OPINION

MILLER, J.—Angelo Sangiacomo and other defendants appeal from an order denying their motion to dissolve a preliminary injunction.

On July 5, 1979 the San Francisco District Attorney filed an action for injunctive relief, restitution and penalties against Angelo Sangiacomo and other defendants. The complaint charged the defendants with violating section 1950.5 of the Civil Code in that they required tenants to pay nonrefundable security deposits and failed to refund securities, where appropriate, within the two-week period following the time a tenant vacated a rental unit.

On November 21, 1979, the Law and Motion Department of the San Francisco Superior Court granted the People's motion for a preliminary injunction. The order for injunction enjoined defendants from "Assessing tenants any non-refundable security (payment, fee, deposit or charge) in violation of Civil Code section 1950.5" or from "Failing within the statutory maximum two-week period to return either in full or in appropriate part any security (payment, fee, deposit, or charge) assessed to tenants of Defendants, in violation of Civil Code section 1950.5."

On May 1, 1980, Leon Goodman (a tenant in one of defendants' buildings), on behalf of himself and all others similarly situated, filed a motion for an order granting leave to intervene in the action brought by the district attorney. The motion to intervene came on for hearing and was granted on July 24, 1980. Neither the district attorney nor defendants formally opposed this motion.

On November 28, 1980, defendants moved to dissolve the preliminary injunction of November 21, 1979, contending that the intervention of an uncertified class made the injunction improper. This motion was denied and the defendants appealed.

Defendants' contention that the injunction should be dissolved is grounded on *Home Sav. & Loan Assn.* v. *Superior Court* (1974) 42 Cal.App.3d 1006 (*Home I*) [117 Cal.Rptr. 485] and *Home Sav. & Loan Assn.* v. *Superior Court* (1976) 54 Cal.App.3d 208 (*Home II*) [126 Cal.Rptr. 511].

The holdings in those cases were summarized by the California Supreme Court in *People* v. *Pacific Land Research Co.* (1977) 20 Cal.3d 10 [141 Cal.Rptr. 20, 569 P.2d 125]: "*Home I* and *Home II* hold that a defendant in a class action has a due process right to secure a determination of the issues relating to the suitability of the action as a class matter as well as the composition of the class and the form of notice to the members, prior to determination of the merits of the action. The rationale of this rule is: unless a decision on the merits is postponed until after the class issues are decided, a defendant is subject to 'one-way intervention,' which would allow potential class members to elect whether to join in the action depending upon the outcome of the decision on the merits. Thus, if the merits were decided favorably to the class, and notice followed such determination, most class members would join in the action, whereas they would decline if the determination was against the

class." (*People* v. *Pacific Land Research Co., supra,* 20 Cal.3d 10, at p. 16.) Determination of the merits of an action includes issuance of a preliminary injunction. (*Home Sav. & Loan Assn.* v. *Superior Court, supra,* 54 Cal.App.3d 208, at p. 214.)

Defendants argue that by allowing an uncertified class to intervene, the action has, in essence, become a class action; ergo, it is not proper to allow the preliminary injunction to stand since this amounts to a determination of the merits of the action prior to the "determination of the issues relating to the suitability of the action as a class matter, as well as the composition of the class and the form of notice to the members...." (*People* v. *Pacific Land Research Co., supra,* 20 Cal.3d 10, at p. 16.)

We find it unnecessary to reach the merits of this argument since we hold that defendants waived their right to object to the intervention by failing to formally oppose the motion for intervention at the outset.

As was related in the statement of facts, the motion to intervene was granted on July 24, 1980, without formal opposition by the defendant. It was not until November 28, 1980—more than four months later—that defendants moved to dissolve the preliminary injunction. Furthermore, in the interim, the defendants moved to strike three paragraphs of the complaint in intervention, but did not in any way object to the remainder of the complaint.

■ At the outset, it should be noted that a criminal or civil action seeking injunctive relief is equitable in nature. (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 71, p. 944; Witkin, Cal. Criminal Procedure, § 29, p. 33.) It follows that in determining whether an injunction should be dissolved, a court is exercising its equitable power. Therefore, we must be guided by the rules of equity in determining whether a trial court acted properly in denying a motion to dissolve an injunction. One of the maxims which guides a court in exercising its equitable power is that "[a]cquiescence in error takes away the right of objecting to it." (Civ. Code, § 3516; 30 Cal.Jur.3d, Equity, § 14, p. 451.)

■ On appeal, defendants' only objection to the continuance of the injunction is the presence of the interveners. And yet, defendants failed to object to the motion for intervention even though they were aware at that time that such intervention would introduce an uncertified class into the action. Furthermore, since defendants attacked only a small

portion of the complaint in intervention via a motion to strike, the other parties to the action might have fairly inferred that the defendants had otherwise acquiesced to the presence of the interveners in the action.

We do not believe that a court of equity would allow a party to utilize a turn of events in which that party had acquiesced, to later attack an equitable order to its own advantage. Since the defendants did not object to intervention, they cannot later raise the presence of the interveners as a basis for objecting to the continuance of the preliminary injunction.

This ruling is also clearly supported by the holdings in *Civil Service Employees Ins. Co. v. Superior Court* (1978) 22 Cal.3d 362 [149 Cal. Rptr. 360, 584 P.2d 497] and *Employment Development Dept. v. Superior Court* (1981) 30 Cal.3d 256, 263 [178 Cal.Rptr. 612, 636 P.2d ·575].

In *Employment Development Dept. v. Superior Court*, Justice Kaus summarized the *Civil Service* case: "In *Civil Service* a class action defendant, also relying upon *Home I* and *Home II*, sought to overturn a partial summary judgment which had been entered in favor of the plaintiff before absent class members had been notified of the action. We rejected the defendant's attack, holding that because 'defendant did not object to the trial court's entertainment of the [plaintiff's] motion prior to class certification but instead simply contested the motion on the merits ... defendant waived whatever due process rights it may have had to object to the court's resolution of the partial summary judgment motion prior to class notification.' [Citation.]" (*Employment Development Dept. v. Superior Court, supra*, 30 Cal.3d 256, 262.) The defendants in *Development Department* then attempted to distinguish *Civil Service* on the grounds that they had expressly objected to the maintenance of the suit as a class action while the defendant in *Civil Service* had not made a similar objection. In rejecting this argument the Supreme Court stated: "[D]efendants misapprehend the nature of the waiver relied on by this court in *Civil Service* and by the trial court in this case. In finding that the defendant in *Civil Service* had waived the right to complain of the timing of the partial summary judgment ruling, we did not rely on the fact that the defendant had not totally opposed class certification. Rather, we reasoned that the defendant could not complain of the court's consideration of the motion for summary judgment before class notification, when it had not requested the court to postpone its ruling until after such notification, but had proceeded to

argue the motion on the merits. [Citation.]" (*Employment Development Dept.* v. *Superior Court, supra*, 30 Cal.3d 256 at p. 263.)

In the present case, defendants did not request that the court postpone its ruling on the request for intervention. Rather, defendants acquiesced in the motion and then made a motion to strike only a part of the complaint in intervention. It was not until some four months after the intervention was allowed that defendants attempted to rely on the intervention as a basis for dissolving the preliminary injunction. We conclude that defendants could not rely on the intervention as a means of attacking the preliminary injunction when it had not requested the court to postpone its ruling on intervention.

The judgment of the court below is affirmed.

Rouse, Acting P. J., and Smith, J., concurred.

A petition for a rehearing was denied March 31, 1982, and appellants' petition for a hearing by the Supreme Court was denied April 28, 1982.