WERDEGAR, J., Concurring.
I join fully in today’s majority opinion, which I authored. For guidance on the issue we remand, meal period subclass certification, I write separately to emphasize what our opinion does not say. In returning the case for reconsideration, the opinion of the court does not endorse Drinker’s argument, accepted by the Court of Appeal, that the question why a meal period was missed renders meal period claims categorically uncertifiable. Nor could it, for such a per se bar would be inconsistent with the law governing reporting obligations and our historic endorsement of a variety of methods that render collective actions judicially manageable.
Employers covered by Industrial Welfare Commission (IWC) wage order No. 5-2001 (Cal. Code Regs., tit. 8, § 11050) have an obligation both to *1053 relieve their employees for at least one meal period for shifts over five hours (id., subd. 11(A)) and to record having done so (id., subd. 7(A)(3) [“Meal periods . . . shall also be recorded.”]). If an employer’s records show no meal period for a given shift over five hours, a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided. This is consistent with the policy underlying the meal period recording requirement, which was inserted in the IWC’s various wage orders to permit enforcement. (See, e.g., IWC board for wage order No. 7-63 meeting mins. (Dec. 14-15, 1966) pp. 4—5 [rejecting proposal to eliminate the meal period recording requirement because “without the recording of all in-and-out time, including meal periods, the enforcement staff would be unable to adequately investigate and enforce” a wage order’s meal period provisions].) An employer’s assertion that it did relieve the employee of duty, but the employee waived the opportunity to have a work-free break, is not an element that a plaintiff must disprove as part of the plaintiff’s case-in-chief. Rather, as the Court of Appeal properly recognized, the assertion is an affirmative defense, and thus the burden is on the employer, as the party asserting waiver, to plead and prove it. (See, e.g., Waller v. Truck Ins. Exchange, Inc. (1995) 11 Cal.4th 1, 31, 33 [44 Cal.Rptr.2d 370, 900 P.2d 619]; Williams v. Marshall (1951) 37 Cal.2d 445, 456 [235 P.2d 372].)[1]
While individual issues arising from an affirmative defense can in some cases support denial of certification,[2] they pose no per se bar (see, e.g., Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319, 334—338 [17 Cal.Rptr.3d 906, 96 P.3d 194]; Weinstat v. Dentsply Intemat., Inc. (2010) 180 *1054 Cal.App.4th 1213, 1235 [103 Cal.Rptr.3d 614]). Instead, whether in a given case affirmative defenses should lead a court to approve or reject certification will hinge on the manageability of any individual issues. (See Sav-On, at p. 334.)
For purposes of class action manageability, a defense that hinges liability vel non on consideration of numerous intricately detailed factual questions, as is sometimes the case in misclassification suits,[3] is different from a defense that raises only one or a few questions and that operates not to extinguish the defendant’s liability but only to diminish the amount of a given plaintiff’s recovery. We have long settled that individual damages questions will rarely if ever stand as a bar to certification. (Sav-On Drug Stores, Inc. v. Superior Court, supra, 34 Cal.4th atp. 334; Employment Development Dept. v. Superior Court (1981) 30 Cal.3d 256, 266 [178 Cal.Rptr. 612, 636 P.2d 575].) “ ‘In almost every class action, factual determinations [of damages] ... to individual class members must be made. [Citations.] Still we know of no case where this has prevented a court from aiding the class to obtain its just restitution. Indeed, to decertify a class on the issue of damages or restitution may well be effectively to sound the death-knell of the class action device.’ ” (B.W.I. Custom Kitchen v. Owens-Illinois, Inc. (1987) 191 Cal.App.3d 1341, 1354 [235 Cal.Rptr. 228].)
Instead, we have encouraged the use of a variety of methods to enable individual claims that might otherwise go unpursued to be vindicated, and to avoid windfalls to defendants that harm many in small amounts rather than a few in large amounts. (See Sav-On Drug Stores, Inc. v. Superior Court, supra, 34 Cal.4th at pp. 339-340; Daar v. Yellow Cab Co. (1967) 67 Cal.2d 695, 714-715 [63 Cal.Rptr. 724, 433 P.2d 732].) Representative testimony, surveys, and statistical analysis all are available as tools to render manageable determinations of the extent of liability. (See, e.g., Bell v. Farmers Ins. Exchange (2004) 115 Cal.App.4th 715, 749-755 [9 Cal.Rptr.3d 544] [upholding as consistent with due process the use of surveys and statistical analysis to measure a defendant’s aggregate liability under the IWC’s wage orders]; Dilts v. Penske Logistics, LLC (S.D.Cal. 2010) 267 F.R.D. 625, 638 [certifying a meal break subclass because liability could be established through employer records and representative testimony, and class damages could be established through statistical sampling and selective direct evidence]; see generally Sav-On, at p. 333 & fn. 6.) “[Statistical inference offers a means of vindicating the policy underlying the Industrial Welfare Commission’s wage orders without clogging the courts or deterring small claimants with the cost of litigation.” (Bell, at p. 751.)
*1055 Given these settled principles, Brinker has not shown the defense it raises, waiver, would render a certified class categorically unmanageable. Instead, it remains for the trial court to decide on remand, in the fullness of its discretion, whether in this case methods exist sufficient to render class treatment manageable. As to that question, neither the full court nor I express any opinion.
Liu, J., concurred.

 As the Division of Labor Standards Enforcement (DLSE) has explained, even under the less restrictive wage order applicable to agricultural employees, if “a meal period is not taken by the employee, the burden is on the employer to show that the agricultural employee had been advised of his or her legal right to take a meal period and has knowingly and voluntarily decided not to take the meal period. Again, we emphasize, the burden is on the employer.” (Dept. Industrial Relations, DLSE Opn. Letter No. 2003.08.13 (Aug. 13, 2003) p. 2 [interpreting IWC wage order No. 14 (Cal. Code Regs., tit. 8, § 11140)].) To place the burden elsewhere would offer an employer an incentive to avoid its recording duty and a potential windfall from the failure to record meal periods. Both the United States Supreme Court and the courts of this state have rejected such an approach. (See Anderson v. Mt. Clemens Pottery Co. (1946) 328 U.S. 680, 686-688 [90 L.Ed. 1515, 66 S.Ct. 1187] [where an employer is subject to a recordkeeping requirement, the burden shifts to that employer to rebut employee proof of monies owed once a prima facie case has been made]; Ghazaryan v. Diva Limousine, Ltd. (2008) 169 Cal.App.4th 1524, 1536, fn. 11 [87 Cal.Rptr.3d 518] [refusing to allow an employer to use any shortcomings in its records to resist employee wage claims]; Cicairos v. Summit Logistics, Inc. (2005) 133 Cal.App.4th 949, 961 [35 Cal.Rptr.3d 243] [“ ‘[Wjhere the employer has failed to keep records required by statute, the consequences for such failure should fall on the employer, not the employee.’ ”].)

 See, e.g., Soderstedt v. CBIZ Southern California, LLC (2011) 197 Cal.App.4th 133, 151-154 [127 Cal.Rptr.3d 394]; Walsh v. IKON Office Solutions, Inc. (2007) 148 Cal.App.4th 1440, 1450 [56 Cal.Rptr.3d 534]; Block v. Major League Baseball (1998) 65 Cal.App.4th 538, 544 [76 Cal.Rptr.2d 567].

 See, e.g., Soderstedt v. CBIZ Southern California, LLC, supra, 197 Cal.App.4th at pages 146-149; Walsh v. IKON Office Solutions, Inc., supra, 148 Cal.App.4th at pages 1454—1456; but see Sav-On Drug Stores, Inc. v. Superior Court, supra, 34 Cal.4th at pages 334—340.